# Exhibit 3

Scott Parker
Director of Investigations
Republican National Committee
310 First St. SE
Washington, D.C. 20003
202-863-5122
Sparker@gop.com

September 28, 2015

RE: FREEDOM OF INFORMATION ACT REQUEST

VIA OVERNIGHT MAIL

FOIA Officer
Office of Information Programs and Services
A/GIS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

Dear FOIA Officer:

This is a request under the Freedom of Information Act.

For the purpose of this request, the following individuals will hereinafter be referred to collectively as "DESIGNATED INDIVIDUALS:"

- Philippe Reines, Deputy Assistant Secretary, Bureau of Public Affairs;
- Anne-Marie Slaughter, Director of Policy Planning;
- Dennis Cheng, Deputy Chief of Protocol;
- Hillary Clinton, Secretary of State;
- Cheryl Mills, Counselor and Chief of Staff, Office of the Secretary;
- Huma Abedin, Deputy Chief of Staff, Office of the Secretary;
- Jacob Sullivan, Deputy Chief of Staff for Policy/ Planning, Office of the Secretary;
- Andrew Shapiro, Senior Advisor, Office of the Secretary;
- Caitlin Klevorick, Special Assistant, Counselor of the Department;
- Kris M. Balderston, Special Representative for Global Partnerships;
- Patrick F. Kennedy, Under Secretary for Management;

The records I request can be described as follows:

Any and all records, correspondence, and memos, in any format, that reference or otherwise relate to any "dissent channel cables"[1] that were sent to any DESIGNATED INDIVIDUALS or name, mention, or reference any DESIGNATED INDIVIDUALS.

---

[1] See "Dissent Channel," 2 FAM 070, 071.1 ("The Dissent Channel was created to allow its users the opportunity to bring dissenting or alternative views on substantive foreign policy issues, when such views cannot be communicated in a full and timely manner through regular operating channels or procedures, to the attention of the Secretary of State and other senior State Department officials in a manner which protects the author from any penalty, reprisal, or recrimination.").

The timeframe of this request is from January 21, 2009, through February 1, 2013. The scope of this FOIA request is inclusive of any common variations of the names or terms provided above.

In order to help you determine my status to assess fees, you should know that I am requesting on behalf of the Republican National Committee (RNC) and this information is not primarily in the commercial interest of the RNC.

I am willing to pay fees for this request up to a maximum of $25. If you estimate that the fees will exceed this limit, please inform me first. However, I would also like to request a waiver of all fees in that the disclosure of the requested information is primarily in the public interest and will contribute significantly to the public's understanding of the operations of your agency.[2]

The Department Of Justice recommends that each federal agency employ six factors to determine whether a fee waiver is appropriate in a FOIA request.[3] The first such factor is "whether the subject of the requested records concerns 'the operations or activities of the government.'"[4] The records requested here go directly to the interactions, discussions, and activities of government employees as they operated in their official capacities with each other.

The second factor is "whether the disclosure is 'likely to contribute' to an understanding of government operations or activities."[5] Here a primary focus is on the present availability of the information and whether it has previously been released to the public.[6] To the best of the requestor's knowledge, the information contained in the requested records has never been publicly disclosed nor appeared in news reports. As such, its undisclosed nature makes it very likely to contribute to the understanding of the government operations that it describes.

The third factor is "whether the disclosure of the requested information will contribute to 'public understanding.'"[7] This turns on "whether the requester will disseminate the disclosed records to a reasonably broad audience of persons interested in the subject."[8] The RNC is in a position to make the information widely available. It has an extensive history of publications on its website, GOP.com, and its members and affiliates regularly interact with and appear on national media outlets. Thus, the RNC not only has the desire to furnish these records to a broad audience, but has a substantial ability to do so.[9]

Fourth, an agency is directed to consider "whether disclosure is likely to contribute 'significantly' to public understanding of government operations or activities."[10] In determining the significance of the contribution, an important element is media attention and public interest in the material. Widespread media attention of an issue greatly increases the likelihood that additional information would significantly contribute to the public's understanding of the government operation or activity in question.[11] As previously noted, the RNC is well positioned to bring media attention to an issue and routinely engages with issues of public import that garner substantial press coverage.

---

[2] See 5 U.S.C. § 552(1)(4)(A)(iii).
[3] See FOIA Update, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[4] Id.
[5] FOIA Update, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[6] 5 See, e.g., Monaghan v. FBI, 506 F. App'x 596, 598 (9th Cir. Jan 28, 2013) (prior availability of records linked to whether they are likely to contribute to public understanding); Judicial Watch, Inc. v. DOJ, 365 F.3d 1108, 1127 (D.C. Cir. 2004)(emphasizing that requester should address whether information is already in the public domain).
[7] FOIA Update, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[8] Carney v. DOJ, 19 F.3d 807, 814 (2d Cir. 1994).
[9] See, generally, Citizens Progressive Alliance v. U.S. Bureau of Indian Affairs, 241 F. Supp. 2d 1342, 1366 (D.N.M. 2002)(stating that when applying the fee waiver standard, it is relevant to consider the ability of the requester to disseminate information).
[10] FOIA Update, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[11] Pederson v. RTC, 847 F. Supp. 851, 855 (D. Colo. 1994)(finding that widespread media attention can demonstrate information's significant contribution to public understanding).

The fee waiver guidance next looks at the question of "whether the requester has a commercial interest that would be furthered by the requested disclosure."[12] The RNC is not a corporation or business that exists to pursue profits or actively participate in the commercial sphere. There is no readily identifiable commercial interest of the RNC to which this information pertains.

Should your agency determine, however, that some commercial interest exists, it would then have to turn to the final factor: "whether the magnitude of the identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is 'primarily in the commercial interest of the requester.'"[13] Given the RNC's significant ability to contribute to the public discourse on matters of national significance, any potential commercial interest would be dwarfed in comparison to the public interest in the disclosure of such information.

Where exemptions to the Freedom of Information Act are discretionary, I ask you not withhold such records, even if they might qualify for withholding under the law. If you withhold any records as exempt, please redact the exempted portions and release the remainder of the records. In any case where you withhold any records, please explain in writing any such denial. Please release all reasonably segregable material.

Thank you for your consideration of this request. Please do not hesitate to contact me should you have any questions or comments.

Sincerely,

Scott Parker
Director of Investigations
Republican National Committee
310 First St. SE
Washington, D.C. 20003
202-863-5122
Sparker@gop.com

---

[12] FOIA Update, Vol. VIII, No. 1 ("New Fee Waiver Policy Guidance").
[13] Id.